# UNITED STATES DISTRICT COURT
### for
### NORTHERN DISTRICT OF TEXAS

## Petition for Person Under Supervision

Person Under Supervision: Brandon Joe Goodan          Case No.: 5:22-CR-058-H(01)

Name of Sentencing Judge: U.S. District Judge James Wesley Hendrix

Date of Original Sentence: January 26, 2023

Original Offense: Escape Form Federal Custody, 18 U.S.C. § 751(a), a Class D felony

Original Sentence: 12 months and 1 day custody to run consecutively to any remaining sentence imposed in Case No. 2:16-CR-061-D(03) in the U.S. District Court, Northern District of Texas, Amarillo Division, 3-year term of supervised release running concurrently with the term of supervision in Case No. 2:16-CR-061-D(03) in the U.S. District Court, Northern District of Texas, Amarillo Division.

Detainers: None

U.S. Marshals No.: 54914-177

Type of Supervision: Supervised Release Date Supervision Commenced: November 14, 2023

Assistant U.S. Attorney: Jeffrey R. Haag          Defense Attorney: Sarah Gunter
                                                                    (Court appointed)

## Petitioning the Court for Action for Cause as Follows:

To issue a violator's warrant.

The probation officer believes the person under supervision violated the following conditions:

### I.

### Violation of Mandatory Condition

You must not unlawfully possess a controlled substance.

### Violation of Mandatory Condition

You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

### Violation of Special Condition No. 2

The defendant shall participate in an outpatient program approved by the probation officer for treatment of narcotic, drug, or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, and contributing to the costs of services rendered (copayment) at the rate of at least $20.00 per month.

Brandon Joe Goodan
Petition for Person Under Supervision

## Nature of Noncompliance

Brandon Joe Goodan violated these conditions of supervised release by using and possessing marijuana, an illegal controlled substance, in or about November, 2023, and January, February, and April, 2024. On December 6, 2023, Goodan admitted, verbally and in writing, to U.S. Probation Officer Martin Hernandez, Jr. (USPO Hernandez), that he used "THC" on November 23, 2023. On January 9, 2024, Goodan submitted a urine sample to USPO Hernandez that tested positive for marijuana. On May 3, 2024, Goodan admitted, verbally and in writing, to USPO Hernandez that he used "THC around 1-9-24". Additionally, on March 7, 2024, Goodan submitted a urine specimen to USPO Hernandez that tested positive for marijuana. Goodan admitted, verbally and in writing to USPO Hernandez that used marijuana on February 20, 2024. Furthermore, on April 9, 2024, Goodan submitted a urine specimen to USPO Hernandez that tested positive for marijuana. On May 6, 2024, Goodan verbally admitted to USPO Hernandez that he used marijuana between April 4, and April 9, 2024. On May 3, 2024, Goodan submitted a urine sample to USPO Hernandez that tested positive for marijuana. On May 3, 2024, Goodan admitted, verbally and in writing, to USPO Hernandez that he used "THC" on April 26, 2024.

## Personal History

On November 14, 2023, Goodan began his term of supervised released in the Northern District of Texas, Abilene Division. On December 6, 2023, Goodan was instructed by USPO Hernandez to attend Alcoholics Anonymous and Narcotics Anonymous (AA/NA) classes. On January 9, 2024, Goodan submitted his AA/NA attendance record for 7 classes attended from December 23, 2023, through January 7, 2024. On March 7, 2024, upon which time Goodan tested positive for marijuana, he stated he stopped attending AA/NA classes "because he did not have time to go due to work." Goodan was instructed to report to the Betty Hardwick Center (BHC), Abilene, Texas, for mental health and substance abuse treatment. Goodan resumed AA/NA classes and he began submitting his attendance records as instructed. On March 28, 2024, Goodan was asked if he would be willing to attend an inpatient substance abuse treatment program and he stated he would not be willing to attend. On April 23, 2024, Goodan was enrolled in an additional outpatient program with BHC for substance abuse treatment. Goodan has continued to abuse marijuana after he was afforded multiple opportunities to cease use, attend outpatient treatment, and declined inpatient treatment. Additionally, it should be noted that Goodan submitted diluted urine samples on March 28, April 4, 9, 23, and 30, 2024, after multiple instructions to not attempt to alter the urine tests. On May 3, 2024, Goodan admitted verbally to USPO Hernandez that he was attempting to alter the prior urine test results by consuming large quantities of water prior to submitting the urine samples. Since his release, Goodan has maintained employment in Abilene, Texas, and he has changed his residence on three occasions.

Brandon Joe Goodan
Petition for Person Under Supervision

## Statutory Provisions — Protect Act Supervised Release

| | |
|---|---|
| **Statutory Maximum Custody:** | 2 years. 18 U.S.C. § 3583(e)(3) |
| **Mandatory Revocation Statutes:** | Mandatory revocation for possession of a controlled substance and more than 3 positive drug tests over the course of 1 year. Sentence to a term of imprisonment. 18 U.S.C. § 3583(g)(1) & (g)(4). |
| **Fine:** | None |
| **Statutory Maximum for Reimposition of Supervised Release:** | 3 years, minus revocation sentence. 18 U.S.C. § 3583(h). |

In U.S. v. Gonzales, 250 F.3d 923 (5th Cir. 2001), the Fifth Circuit has ruled in the matter of revocation of concurrent terms of supervised release. The district court does have the authority to revoke concurrent terms of supervised release to consecutive prison terms, pursuant to 18 U.S.C. §§ 3583 & 3584.

## Chapter 7 Violation Computations

| | | |
|---|---|---|
| **Violation Grade:** | C | USSG §7B1.1(a)(3) & 7B1.3(a)(2) and (c)(2), p.s. |
| **Criminal History Category:** | VI | USSG §7B1.4(a), p.s. |
| **Imprisonment Range:** | 8-14 months | USSG §7B1.4(a), p.s. |
| **Fine:** | None | USSG §7B1.3(d), p.s. |

Pursuant to U.S. v. Miller, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when modifying or revoking a term of supervised release.

In U.S. v. Tapia, 131 S. Ct. 2382 (2011), the Supreme Court held that Section 3582(a) does not permit a sentencing court to impose or lengthen a prison term in order to foster a defendant's rehabilitation.

Brandon Joe Goodan
Petition for Person Under Supervision

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 22, 2024
Respectfully submitted,                          Approved,

Martin Hernandez, Jr.                            Tye Lawrence
U.S. Probation Officer                           Supervising U.S. Probation Officer
Abilene                                          Phone:  806-472-1144
Phone: 325-690-3985

---

**Order of the Court:**

☐    No action.

☑    The Issuance of a Warrant. Petition and warrant sealed and not to be distributed to counsel of record until arrest effectuated.

☐    The Issuance of a Summons.

☐    Other or Additional:

_____

_____

☐    File under seal until further order of the Court.

_____
The Honorable James Wesley Hendrix
U.S. District Judge

5/22/24
Date