UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

UNITED STATES OF AMERICA,      )
            Government,        )
                               )
VS.                            )   CAUSE NO. 5:22-CR-058-H-BV-1
                               )
BRANDON JOE GOODAN,            )
            Defendant.         )


---------------------------------------------------------

REVOCATION HEARING
BEFORE THE HONORABLE JAMES WESLEY HENDRIX,
UNITED STATES DISTRICT JUDGE

AUGUST 1, 2024
LUBBOCK, TEXAS

---------------------------------------------------------


A P P E A R A N C E S

FOR THE GOVERNMENT:
UNITED STATES ATTORNEY'S OFFICE
1205 TEXAS AVENUE, SUITE 700
LUBBOCK, TEXAS 79401
BY:  JEFFREY R. HAAG


FOR THE DEFENDANT:
KEVIN WILLHELM
ATTORNEY AT LAW
P.O. BOX 3536
ABILENE, TEXAS 79604




FEDERAL OFFICIAL COURT REPORTER: MECHELLE DANIEL, 1205 TEXAS
AVENUE, LUBBOCK, TEXAS 79401, (806) 744-7667.

PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY; TRANSCRIPT
PRODUCED BY COMPUTER-AIDED TRANSCRIPTION.

INDEX

DEFENDANT PLEADS TRUE..................................... 4

DEFENDANT'S EVIDENCE/ARGUMENT............................. 5

COURT GRANTS GOVERNMENT'S MOTION TO REVOKE.............. 6

SENTENCE BY THE COURT.................................... 9

RIGHT TO APPEAL......................................... 10

REPORTER'S CERTIFICATE.................................. 12

* * * * *

P R O C E E D I N G S

THE COURT:  And I will call the second case, United States vs. Brandon Joe Goodan, 5:22-CR-058-1.

Kevin Willhelm remains here for the defendant, and Mr. Haag remains here for the United States.

Mr. Goodan, I know that this is a bit awkward because we just went through some of this, but we have now opened the record for your second case and the second revocation hearing, so I need you to tell me your full name again for the record.

THE DEFENDANT:  Brandon Joe Goodan.

THE COURT:  Okay.  And I need to give you the oath again.  Will you please raise your right hand.

(THE DEFENDANT IS SWORN BY THE COURT)

THE COURT:  Thank you, sir.

All right.  This matter comes before me on your probation officer's petition for offender under supervision and the government's motion to revoke your term of supervised release.  Those documents allege violations of two mandatory conditions and one special condition.

The allegations are detailed in those documents, but again, as in the prior case, you're accused of violating your conditions of release by unlawfully using and possessing marijuana on several occasions and admitting to your probation officer that you used THC.

So, Mr. Goodan, have you had an opportunity to discuss your probation officer's petition in this case with your attorney?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you understand the allegations that are being made against you and the potential consequences if you were to plead true to them?

THE DEFENDANT:  Yes, sir.

THE COURT:  You understand that we're here so I can decide whether to revoke supervision in this case, and, if I do that, then I have to decide what sentence to impose?

THE DEFENDANT:  Yes, sir.

THE COURT:  All right.  Mr. Willhelm, do you agree that your client is competent and capable of proceeding today?

MR. WILLHELM:  Yes, Your Honor.

THE COURT:  And how does he intend to plead to the allegations in this case?

MR. WILLHELM:  True.

THE COURT:  Is that right, Mr. Goodan?  Are the allegations against you true or are they not true?

THE DEFENDANT:  True.

THE COURT:  Is anybody making you do this or forcing you into that decision?

THE DEFENDANT:  No, sir.

THE COURT:  Then I will find that you have

knowingly and voluntarily pled true to the allegations against you.

Any evidence or argument from the United States?

MR. HAAG:  No, Your Honor.

THE COURT:  All right.  Mr. Willhelm, I'm happy to take judicial notice of your prior arguments.  I, again, have reviewed your sentencing memorandum that was filed in the separate case.  I can't remember if it was also filed in this case.  If not, I'll take judicial notice of it regardless.

MR. WILLHELM:  Yes, Your Honor.  We filed identical motions in both cases.

THE COURT:  All right.  Thank you.  Then I have considered that.  I'll take it into account here.  And I will consider your prior argument from the hearing we just closed. Is there anything else?  I'm happy to hear anything that you think I missed or hear you out again.

MR. WILLHELM:  Thank you, Your Honor.  I just ask, yeah, take judicial notice of the prior argument.  The one statement I would ask in this case is that, since you have imposed a 10-month revocation in the prior sentence--the prior case, that the revocation--if you're revoking in this case, that it be a time-served revocation.

THE COURT:  Okay.  All right.  I will take that request into account, time-served.

All right.  Again, Mr. Goodan, I know it's awkward,

but it's just--it's the nature of when you have two cases, even if they are related.  I remember what you said.  I will take all of that into account, and I will take judicial notice of your allocution from the prior case.  But if there's anything else you'd like to say, you certainly have the right to do that.  Is there anything else you want to tell me?

THE DEFENDANT:  No, thank you.

THE COURT:  Okay.

All right.  Mr. Willhelm, do you know any reason why the Court cannot lawfully impose sentence at this time?

MR. WILLHELM:  No, Your Honor.

THE COURT:  Mr. Haag?

MR. HAAG:  No, Your Honor.

THE COURT:  Having considered the government's motion and heard the defendant's admission of true to the allegations in it, the motion is granted.  The term of supervised release previously imposed in this case is revoked.  Again, this case is the escape from federal custody case.  The original sentence here was 12 months and one day, followed by a 3-year term of supervised release, and that term has been revoked.

We have a Grade C violation; your Criminal History Category is VI, and that results in an advisory policy statement range of 8 to 14 months.  The statutory maximum for confinement is 2 years, or 24 months.  The statutory maximum

for imposing additional supervised release is not more than 3 years, minus any revocation sentence that I impose.

In determining the appropriate sentence, I have considered all of the appropriate statutory considerations that I'm required to consider, but I haven't considered any that I am barred from considering under the plain language of the statute and binding precedent.

Again, as we discussed earlier, all of these conditions existed for your benefit.  Your probation officer was patient and did not try to revoke you right away.  Multiple opportunities were afforded.  There's a lengthy criminal history here.  Again, you're a Category VI.  You're as high as we go.

I'm disappointed that you're back.  I imposed the sentence in this case, and it was 12 months and a day to try to give you a chance to have good behavior while incarcerated, get out, get back on the right track.  And here we are.

If what your attorney is telling me is true, that this is just a function of self-medicating and you can't stop your behavior, you just can't stop it, then you have to seek help, because if you don't--  You've got to get your mental health in order.  You've got to use this time as productively as you can to get things straight, to put childish things away, admit that you need help and get it and seek it out, because if you don't, I fear you'll just continue to be back at podiums

like that.  I mean, you're already a Category VI, and you're a young man.  How old are you today?

THE DEFENDANT:  Thirty-one.

THE COURT:  Yeah, you're only thirty-one years old, and you're already at a VI.

It's not too late to turn this around.  You've got to serve some time.  You've got to pay the piper for violating the Court's rules and for breaching the trust that the Court placed in you.  But you'll be out again before you know it, and you're either going to be ready or you're not.

I can't tell you how lucky you are to have support here today.  Most people at that podium have nobody that are willing to come and support them.  I can tell you, eventually, they stop showing up, because they've got to--they have their own lives.  It's not their fault that this keeps happening.  And they have to move on.

That would be another tragedy, because it does not have to be that way.  But only you can do that.  Your attorney has worked very hard, but he can't do it for you.  I can't do it for you.  Your probation officer can't do it for you.  But bad things happen.  You commit crimes when you're out of control, and that's concerning.  So I do wish you the best, but I am concerned with everything that's before me.

I have considered the nature and circumstances of your offense.  I've considered your history and your

characteristics, and I have considered the need to afford adequate deterrence.

Mr. Willhelm, I did consider your request for a sentence of time served in this case.  Given everything that's before me, I don't see how that could be reasonable, although I did consider it.

So I have determined that a sentence in this case of 8 months, followed by an additional term of supervised release of 24 months, is sufficient, but not greater than necessary.

I am going to impose additional supervised release, because you didn't last long on supervised release in this case.  You didn't really give this one a chance, and I'm not ready to give up on you.  I want you to have structural help, and I want you to have the resources that probation can afford you.  You know what happens if you violate.  You might go back to jail.  But I think it's worth the risk, and I do hope you accept the help this time that is offered.

So 8 months; 24 more months of supervised release. I find all that to be sufficient, but not greater than necessary.

Again, I find that because you admitted using and possessing illicit substances rather than just failing drug tests, it's not clear that you would qualify for the treatment exception under Fifth Circuit precedent, but, even if you did,

I wouldn't exercise my discretion and impose treatment in lieu of incarceration in light of everything that is before me.

This sentence will run consecutively to the sentence imposed in case 1:24-CR-025 from this court.

While on supervised release, you shall comply with your mandatory conditions of release listed in Section 3583(d).

Mr. Willhelm, can you confirm that you and your client received and discussed my written notice of intent to impose the standard and special conditions of release?

MR. WILLHELM:  Yes, Your Honor, we did, and we have no objections.

THE COURT:  Hearing no objections, they are adopted today.  They will be included in my judgment.  I find that they are reasonable and they relate to all of the appropriate statutory considerations, and they impose no greater deprivation of liberty than reasonably necessary under the statute.

Sir, you do have the right to appeal from your conviction--pardon me--from your revocation and from the sentence that I have imposed.  If you would like to appeal, you need to file a notice of appeal within 14 days of today in this court.  If you want to do that, just tell Mr. Willhelm.  He's very familiar with that process, and he can help you get that done.

He can also ask that the costs of the appeal go to

the United States, and not to you.

Do you understand those rights?

THE DEFENDANT:  Yes, sir.

THE COURT:  All right.  Mr. Willhelm, anything else from the defense?

MR. WILLHELM:  Your Honor, I just have maybe a question for the Court.  I know Mr. Goodan is in detention.  In light of the circumstances surrounding his situation, is there the possibility of furlough, temporary release in order for him to see his child, and then self-surrender?

THE COURT:  Well, you're always welcome to file a motion for furlough if you would like.  I get those occasionally for funerals, is the most common example.  Today, it's denied in light of the facts and circumstances here and the history and characteristics.  If you--  This is the first I'm hearing this request, so, for now, it's denied.  If you think that the law supports it or there's other things I'm missing, you can file a motion, and I'll take it up then.  But for now, that's denied.

MR. WILLHELM:  Yes, Your Honor.

THE COURT:  Yeah, unfortunately, when people go to prison, there are often family circumstances that are hard on the family.  And again, it's not the family's fault.

So again, if you want to file a written motion, I'll consider it.  For now, it's denied.

Anything else from the United States?

MR. HAAG:  No, Your Honor.

THE COURT:  All right.  Mr. Goodan, at this time, you are remanded to the custody of the United States Marshal. Good luck to you, sir.

Mr. Willhelm, were you appointed in this case?

MR. WILLHELM:  Yes, Your Honor.

THE COURT:  Well, thank you for your service.  You did a fine job for your client, and I appreciate your help to the Court.

MR. WILLHELM:  Thank you, Your Honor.

(END OF HEARING)

     I, Mechelle Daniel, Federal Official Court Reporter in and for the United States District Court for the Northern District of Texas, do hereby certify pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

 /s/ *Mechelle Daniel*                    **DATE**  OCTOBER 2, 2024

MECHELLE DANIEL, CSR #3549
FEDERAL OFFICIAL COURT REPORTER